

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN
### 11

**GROVER SELLERS**
**ATTORNEY GENERAL**

*Modifie by*
*M-625 where*
*conflicts*

Honorable Claude Isbell
Secretary of State
Austin 11, Texas

Dear Sir:

Opinion No. O-6582

Re: Secretary of State not au-
thorized to submit proposed
Constitutional amendments for
publication to owner of news-
paper who is also legislator,
in view of Section 18, Art. 3,
Constitution of Texas. This
prohibition also applies to
corporation newspaper, in which
legislator is a stockholder.

We have received your recent request for an opinion
of this department, quoted as follows:

"Section 18 of Article #3 of the Constitution of
Texas provides in the last sentence of that section
the following:

"'Nor shall any member of the Legislature
be interested, either directly or indirectly,
in any contract with the State, or any county
thereof, authorized by any law passed during
the term for which he shall have been elected.'

"In view of the above would this office be author-
ized to submit constitutional amendments passed during
this session of the Legislature to these newspapers for
publication that are owned and operated by a person who
is a member of this session of the Legislature? Also,
would a newspaper be prohibited from publishing such
amendments by reason of the fact that a member of the
Legislature at which these amendments were submitted
might own stock in such newspaper? . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Ionorable Claude Isbell, page 2

Section 1 of Article 17 of the Texas Constitution pro-
ides that such "proposed amendments shall be duly published once
week for four weeks, commencing at least three months before an
lection, the time of which shall be specified by the Legislature,
n one weekly newspaper of each county, in which such a newspaper
ay be published."

Heretofore the cost of this type of publication has been
aid from appropriations made by the Legislature for that specific
urpose. We assume the Forty-ninth Legislature will make a simi-
ir appropriation to pay the costs of publishing the amendments
roposed by them at this session.

In 1922 Opinion No. 2411 was approved and released from
iis office by the late Honorable W. A. Keeling, who then was
.torney General of Texas. We quote from said opinion as follows:

"... A person who was a member of the Legisla-
ture at the time of the enactment of what is known as the
State Highway Commission Law could not lawfully make a
contract with a county for road construction work involv-
ing funds awarded to such county by the State Highway
Commission. We think also that a person who was a
member of the State Senate at the time of the enactment
of the law appropriating registration fees to the State
Highway Commission could not lawfully contract with a
county where funds appropriated by such act are to be
expended. An appropriation act is, of course, a law.
See Section 6, Article 8, State Constitution. County
contracts of the kind here under consideration could
not be made if the statute creating the State Highway
Commission and providing for automobile registration
fees had not been enacted. Neither could such contracts
be made unless the Legislature had appropriated the
State Highway Funds. We think it clear, therefore,
that a contract of this kind is to be considered as hav-
ing been 'authorized' by the State Highway Commission
statutes and the appropriation act above referred to."

Therefore, it is our opinion that a contract between
? State of Texas and a member of the Legislature for the pub-
:hing by such member of the Legislature of such proposed consti-
:ional amendments is prohibited by said Section 18 of Article 3
the Constitution of Texas, for the reason that the payment to
Legislator-publisher for services rendered under such contract
:ld be by authority of an appropriation law passed during the term
which such Legislator-publisher shall have been elected to the
Islature.

Honorable Claude Isbell, page 3

Furthermore it is our opinion that said Section 18 of Article 3 of the Constitution of Texas also prohibits a contract between the State of Texas and a corporation in which a member of the Legislature holds stock, for the purposes herein proposed, because of the principles of law expressed in the following authorities:

In Volume 10, Tex. Jur., pp. 781-782 appears the following:

"Certainly there is ample authority for the view that the stockholders have a beneficial interest in the corporate property. As has been well said, the interest of a stockholder in the capital fund 'has the characteristics of: (a) indirection; (b) subordination to that of the creditors; and (c) sequent contingency of realization in the form of profits or return of (or reimbursement for) his contribution.'" (Underscoring added for emphasis)

In the case of Hobbs, Wall & Co. v. Moran, District Court of Appeals, Third District, California, 293 Pac. 145, the purchase of supplies for a city from a corporation, the manager of which was also City Councilman, was illegal because the Councilman was "indirectly interested" in view of a statute prohibiting an officer of the city from being interested, directly or indirectly, in any contract with such city. We quote from said case as follows:

"When it appears that an officer is substantially benefited, financially or otherwise, by his participation in a contract with the municipality which he represents, the transaction is invariably declared to be illegal. Under such circumstances, in its effort to uphold the transaction, a court will not resort to fine distinctions in order to determine just what facts will constitute an 'indirect interest' on the part of the officer." (Underscoring added for emphasis)

In view of the foregoing, we do not believe the Secretary of State to be authorized to submit for publication constitutional amendments proposed at this session of the Legislature to those newspapers that are owned and operated by, or, if a corporation, in which stock is held by, a person who is a member

813

Honorable Claude Isbell, page 4

of this session of the Legislature.

We herewith enclose a copy of said Opinion No. 2411.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*
Robert L. Lattimore, Jr.
Assistant

APPROVED MAY 23, 1945

ATTORNEY GENERAL OF TEXAS

RLL/JCP
Enclosure-1

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN